# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE CARTER, as Administratrix of Christopher Taylor, Deceased** : | **CIVIL ACTION NO. 1:05-CV-1364** |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| **v.** : | |
| : | |
| **IESI NY CORPORATION, et al.,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 4th day of October, 2005, upon consideration of the motion to intervene (Doc. 4), filed by the purported administrators of the decedent's estate, and of defendant IESI NY Corporation's motion to dismiss (Doc. 9), arguing that plaintiff does not have standing to pursue her claims, and upon further consideration of the special admission form sent to counsel for plaintiff, Attorney John J. Ciafone ("Attorney Ciafone"), in July 2005, requiring counsel to return the form, see L.R. 83.9.5, and to provide the court with an entry of appearance of associate counsel, see L.R. 83.12 ("Any attorney who is not eligible for admission to the bar of this court under [specified Local Rules] shall . . . have associate counsel who is admitted to practice in this court . . . ."), and it appearing that plaintiff may not be authorized to represent the interests of the estate at issue (see Doc. 4,

Exs. 1-2),[1] and that as of the date of this order, Attorney Ciafone has not returned the special admission form or provided the court with an entry of appearance of associate counsel, it is hereby ORDERED that:

1. Plaintiff shall file, on or before October 17, 2005, briefs in opposition to the motion to intervene (Doc. 4) and defendant's motion to dismiss (Doc. 9), explaining why the above-captioned case should not be dismissed as to *all* defendants. See L.R. 7.6 (stating that a party who does not file a responsive brief "shall be deemed not to oppose such motion").

2. On or before October 17, 2005, Attorney Ciafone shall comply with Local Rule 83.9.5 and submit to the court a completed special admission form, along with the applicable fee.

3. On or before October 17, 2005, Attorney Ciafone shall comply with Local Rule 83.12 and provide the court with an entry of appearance by associate counsel.

4. Failure to comply with this order may result in the dismissal of this case for failure to prosecute and failure to comply with an order of court. See FED. R. CIV. P. 42(b); L.R. 83.3.1; see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

    S/ Christopher C. Conner  
    CHRISTOPHER C. CONNER  
    United States District Judge

---

[1] Not only does the complaint represent that plaintiff is the administratrix of the estate, but it also avers that no other action has been commenced on behalf of the estate against these defendants. (Doc. 1 ¶¶ 23-24, 40, 42-43, 46.) However, a nearly identical complaint was filed against the same defendants over two months before the commencement of this case. See Civil Action No. 1:05-CV-00860 (Doc. 1); Civil Action No. 1:04-CV-01271 (Doc. 72); see also FED. R. CIV. P. 11(b)(3) (stating that an attorney, in filing a complaint, is "certifying that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support").