# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE CARTER, as Administratrix of Christopher Taylor, Deceased** | **CIVIL ACTION NO. 1:05-CV-1364** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **IESI NY CORPORATION, et al.,** | |
| **Defendants** | |

## ORDER

AND NOW, this 26th day of October, 2005, upon consideration of the order of court (Doc. 12) dated October 4, 2005, directing plaintiff to file briefs, on or before October 17, 2005, in opposition to the motions (Docs. 4, 9) to intervene and to dismiss, stating why the above-captioned case should not be dismissed as to *all* defendants, and of plaintiff's response (Doc. 16) arguing that the above-captioned case should not be dismissed because a conflict of interest exists in the pending case filed by the current administrators and because plaintiff "will most likely" become the sole administrator of the estate at issue,[1] and it appearing that a wrongful death and survival action on behalf of the estate at issue was filed by the current administrators of the estate over two months before the instant complaint (see Civil Action No. 1:05-CV-00860, Doc. 1; Civil Action No. 1:04-CV-1271, Doc. 72),

---

[1] Plaintiff also asserts that the instant action was necessary to ensure that Rhona Wilson, as the administratrix of the estate of Horace Wilson, was named as a defendant. (Doc. 16 ¶ 11.) However, Ms. Wilson, as administratrix, is already a defendant in the case filed by the current administrators. See Civil Action No. 1:05-CV-00860; see also Civil Action No. 1:04-CV-01271 (indicating that Ms. Wilson, as administratrix, is an interpleader defendant in the consolidated case).

that the pending case (Civil Action No. 1:04-CV-1271) bars the wrongful death claim in the above-captioned case, see PA. R. CIV. P. 2202(c) (providing that "[w]hile an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death"); Estate of Cooper v. Leamer, 705 F. Supp. 1081, 1084 n.3 (M.D. Pa. 1989) ("Though Rule 2202 [of the Pennsylvania Rules of Civil Procedure] is styled as a rule of procedure, it has the force and effect of law and is to be applied to wrongful death cases in the federal courts in Pennsylvania."), that plaintiff was not an administrator of the estate when the instant complaint was filed, nor is plaintiff currently an administrator of the estate (see Doc. 4, Exs. 1-2; Doc. 16 ¶¶ 2, 4-5),[2] see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (allowing the court to consider "items appearing in the record of the case" when considering a motion to dismiss), and that plaintiff—as a beneficiary,

---

[2] Although the complaint represents that plaintiff is currently the administratrix of the estate at issue (Doc. 1 ¶¶ 23-24, 40, 43, 46), the letters of administration attached to the motion to intervene clearly establish that Donald St. Patrick Taylor and Vivia L. Joseph are the current, temporary administrators of the estate (Doc. 4, Exs. 1-2). In addition, plaintiff's response to the prior order of court reveals that Attorney John J. Ciafone was clearly aware, at the time of filing the complaint in the above-captioned case, that plaintiff was *not* the administratrix of the estate. (See Doc. 16 ¶¶ 2, 4-5.) See FED. R. CIV. P. 11(b)(1), (3) (stating that an attorney, in filing a complaint, is "certifying that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . it is not being presented for any improper purpose . . . [and] the allegations and other factual contentions have evidentiary support"). The complaint also avers that no other action has been commenced on behalf of the estate against these defendants (Doc. 1 ¶ 42), but a nearly identical complaint was filed against the same defendants over two months before the commencement of this case. See Civil Action No. 1:05-CV-00860 (Doc. 1); Civil Action No. 1:04-CV-01271 (Doc. 72); see also FED. R. CIV. P. 11(b)(1), (3).

2

not an administrator, of the estate—is not entitled to bring wrongful death or survival claims, see PA. R. CIV. P. 2202(a) (providing that "an action for wrongful death shall be brought only by the personal representative of the decedent"); Dolan v. Ridge, 58 F. Supp. 2d 604, 608 (E.D. Pa. 1999) ("A survival action is brought by the personal representative of the decedent . . . ."), and it further appearing that plaintiff has not presented any legal authority granting plaintiff standing to institute the above-captioned case (see Doc. 16), it is hereby ORDERED that:

1. On or before November 9, 2005, plaintiff shall file a response, *citing to applicable legal authority*, setting forth why:

    a. The above-captioned case should not be dismissed for lack of standing;

    b. The wrongful death claim should not be barred by the pending case (Civil Action No. 1:04-CV-1271);

    c. The conflict of interest issue should not be pursued in the pending case (Civil Action No. 1:04-CV-1271);[3] and

    d. If plaintiff becomes the sole administrator of the estate, the substitution of plaintiff in the pending case (Civil Action No. 1:04-CV-1271) would not be the proper procedural course.

2. Failure to file a response will result in the dismissal of the above-captioned case for lack of standing.  See PA. R. CIV. P. 2202; Dolan v. Ridge, 58 F. Supp. 2d 604, 608 (E.D. Pa. 1999).

3. The current administrators, Donald St. Patrick Taylor and Vivia L. Joseph, and defendants shall be permitted to file briefs in opposition on or before November 18, 2005.

---

[3] See, e.g., PA. R. CIV. P. 2203.

4. No further briefing will be permitted absent leave of court.

5. Counsel for plaintiff, Attorney John J. Ciafone, shall file, on or before December 2, 2005, a response showing cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11(b).[4]


      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[4] See supra note 2.