IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE CARTER**, as Administratrix of Christopher Taylor, Deceased : : : **Plaintiff** : v. : : **IESI NY CORPORATION, et al.,** : : **Defendants** : | CIVIL ACTION NO. 1:05-CV-1364 (Judge Conner) |

## **MEMORANDUM**

Presently before the court is the response (Doc. 25) of John J. Ciafone, Esquire ("Attorney Ciafone"), counsel for plaintiff in the above-captioned case, to the order of court dated October 26, 2005 (Doc. 18) directing him to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11. (See also Doc. 21.) The possibility of Rule 11 sanctions was raised by the court on its own initiative when it discovered that the complaint in the above-captioned case (Doc. 1) misrepresented that plaintiff was the administratrix of the estate in issue and that no other action had been commenced on the estate's behalf.[1]

---

[1] Plaintiff's response to a prior order of court revealed that Attorney Ciafone was clearly aware, at the time of filing the complaint in the above-captioned case, that plaintiff was not the administratrix of the estate. (See Doc. 16 ¶¶ 2, 4-5.) Likewise, a nearly identical complaint was filed against the same defendants over two months before the commencement of this case. Attorney Ciafone was aware of the prior action at the time of filing the instant complaint. (See Doc. 16, Ex. B; Doc. 25 at 2.)

The response *sub judice* offers no challenge to the court's prior premise that these assertions in the complaint lacked evidentiary support.[2]  Indeed, the response avers only that these representations resulted from an unfamiliarity with Pennsylvania practice and an intention to protect the client's interests.  (See Doc. 25 at 2.)  However, unfamiliarity with local practice and good intentions do not excuse the *factual* misrepresentations in the complaint—misrepresentations that prompted the filing of several motions by defendants and the true administrators of the estate.[3]  Accordingly, the court finds that sanctions under Rule 11 are warranted.  The question that must now be resolved is what those sanctions should be.

The purpose of sanctions under Rule 11, and the ultimate restriction on their scope, is deterrence:  "[a] sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."  FED. R. CIV. P. 11(c)(2).  Sanctions may take a wide variety of forms, including monetary fines or disciplinary reference, but must be tailored to fit the particular characteristics of the violation and the violator.  See id.;

---

[2] See FED. R. CIV. P. 11(b)(3) (stating that an attorney, in filing a complaint, is "certifying that to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support").

[3] In the above-captioned case, defendant Emerald Isle Transport, Inc. filed a motion to dismiss (Doc. 19) and a motion to consolidate cases (Doc. 6; see also Civil Action No. 1:04-CV-01271, Doc. 90).  Defendant IESI NY Corporation filed a motion to dismiss (Doc. 9) and the true administrators of the estate filed a motion to intervene and dismiss (Doc. 4).

see also id. 11 advisory comm. notes—1993;[4] Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 553-54 (1991).  Rehabilitation, not retribution, is the goal.

This purpose is best served in this case by requiring that Attorney Ciafone attend and complete supplemental educational programs geared towards federal civil procedure and professional conduct.[5]  The court does not believe that Attorney Ciafone's misrepresentations were attributable to malicious design and, therefore, may be addressed through additional education.  Directing Attorney Ciafone to complete accredited programs on these topics will, it is hoped, impress upon him the serious nature of his errors and enable him to avoid these issues in future filings with this or any other court.  The court will also issue a clear warning to Attorney

---

[4] As the United States Court of Appeals for the Fifth Circuit has noted:

> What is [an appropriate sanction under the rule] may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances.  Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose.

Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 878 (5th Cir. 1988) (en banc), quoted with approval in Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir. 1992).

[5] See FED. R. CIV. P. 11 advisory comm. notes—1993 (identifying as possible sanction "requiring participation in seminars or other educational programs"); see also Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 37 (D.N.J. 1999) (requiring completion of continuing legal education courses as sanction under Rule 11), aff'd, 44 Fed. Appx. 599 (3d Cir. 2002).

Ciafone to adhere strictly to the rules of professional conduct and to comply fully with local and federal procedural rules.[6]

An appropriate order will issue.

                                                                /s/ Christopher C. Conner
                                                                CHRISTOPHER C. CONNER
                                                               United States District Judge

Dated:       January 18, 2006

---

[6] See FED. R. CIV. P. 11 advisory comm. notes—1993 (identifying as a possible sanction "issuing an admonition"); see also Langer, 966 F.2d at 810 (upholding issuance of "reprimand" as a sanction).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIANE CARTER**, as Administratrix of Christopher Taylor, Deceased : : : **Plaintiff** : v. : : **IESI NY CORPORATION, et al.,** : : **Defendants** : | **CIVIL ACTION NO. 1:05-CV-1364** <br><br> **(Judge Conner)** |

## ORDER

AND NOW, this 18th day of January, 2006, upon consideration of the response (Doc. 25) of John J. Ciafone, Esquire, counsel for plaintiff in the above-captioned case, to the prior order of court directing him to show cause why sanctions should not be imposed pursuant to Federal Rule of Civil Procedure 11, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. John J. Ciafone, Esquire, is found to be responsible for a violation of Federal Rule of Civil Procedure 11(b)(3).

2. The following sanctions are imposed upon John J. Ciafone, Esquire:

    a. John J. Ciafone, Esquire, shall attend and complete, within six months of the date of this order, at least two continuing legal education courses offered by providers accredited by the New York State Continuing Legal Education Board.[7]

        i. One course shall relate primarily to the topic of federal civil procedure and one course shall relate primarily to the topic of professional conduct.

---

[7] John J. Ciafone, Esquire, is admitted to practice in New York.

        ii.       Each course shall be approved for at least three credits by the New York State Continuing Legal Education Board.

   b.       John J. Ciafone, Esquire, shall not apply for or otherwise seek credit towards continuing legal education requirements for time spent in attendance at a course completed for purposes of compliance with this order; rather, the course requirements set forth in this order shall be *in addition to* all applicable continuing legal education requirements.

   c.       John J. Ciafone, Esquire, shall file, within six months of the date of this order, an affidavit establishing proof of compliance with this order, describing with particularity the nature of the course(s) completed.

   d.       John J. Ciafone, Esquire, is admonished to adhere strictly to the rules of professional conduct and to comply fully with local and federal procedural rules.

          /s/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge